IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DERRICK EUGENE KIRTMAN, )
)
Plaintiff, )
)
) CIV-12-504-HE
v. )
)
UNITED STATES OF AMERICA, et al., )
)
Defendants. )

REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner[1] appearing with counsel, brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2] The Defendants named in the Complaint are the United States of America ex rel. United States Department of Justice, the Federal Bureau of Prisons ("BOP"), FCI El Reno, and FCI El Reno Warden Hector Ledezma. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the

[1] Plaintiff is confined at the Federal Correctional Institution located in El Reno, Oklahoma ("FCI El Reno"). Contrary to Plaintiff's assertion, this facility is located in Canadian, not Oklahoma, County.

[2] Although Plaintiff invoked 42 U.S.C. § 1983 as the sole statutory basis for his action, he is a federal prisoner seeking relief for actions/omissions occurring during his federal confinement. Accordingly, the cause of action is construed as one seeking relief under Bivens. See Hartman v. Moore, 547 U.S. 250, 255 n. 2 (2006)(recognizing "Bivens action is the federal analog to suits brought against state officials under [§ 1983]"); Correctional Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001)("The purpose of Bivens is to deter individual federal officers from committing constitutional violations.").

following reasons, it is recommended that the action be dismissed without prejudice under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and on the ground of sovereign immunity.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999).

"The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

II. Plaintiff's Claims

In his Complaint filed May 3, 2012, Plaintiff alleges that "on or about April 2010" unidentified individuals "refused [Plaintiff] necessary medical treatment" concerning a "pre-

existing shoulder condition" and that he has "suffered continued deterioration" due to the "failure of staff at [FCI El Reno] to provide adequate and necessary medical care" to him. Complaint, at 2. Plaintiff further alleges that "M. Grismer," the FCI El Reno Health Services Administrator, and Dr. Zeavin "denied [Plaintiff] appropriate medical treatment, inflicted cruel and unusual punishment and retaliated against Plaintiff for reporting offenses on numerous occasions in violation of Plaintiff's First and Eighth Amendment rights." Plaintiff also alleges that "in retaliation Warden Ledezma allowed medical staff and officers to knowingly cuff Plaintiff behind his back against standing medical orders." Complaint, at 3. Plaintiff alleges he "was not afforded handicap facilities as needed," "was inflicted with cruel and unusual punishment for filing his grievances," "is treated with excessive force and laughed at when he reacts to the severe pain rendered by the staff of Warden Ledezma," "suffered personal injuries causing him to seek addtional [sic] medical treatment," "experienced physical pain and mental anguish," and "incur[r]ed medical charges and expenses in the past and will continue to incur medical expenses in the future for said injuries." Complaint, at 3.

In his first claim for relief, he seeks $75,000.00 in damages from the "Defendants" for "a deprivation of rights as a result of Defendants' conduct." Complaint, at 4. In his second claim for relief, Plaintiff demands $75,000.00 against the "Defendants" for "excessive force in violation of OK. CONST. Article 2 § 9 and the 8th Amendment to the U.S. Constitution." Complaint, at 4. In his third claim for relief, Plaintiff demands $75,000.00 in damages from the "Defendants" for Defendant Warden Ledezma's failure to

train, supervise, and control various medical staff and officers resulting in injuries to Plaintiff." Complaint, at 4-5. In his fourth claim for relief, Plaintiff demands a monetary award of $75,000.00 from the "Defendants" for the negligent actions of Defendant Warden Ledezma. Plaintiff also alleges in this claim that "Defendants, were also negligent under the legal theory of *respondeat superior*." Complaint, at 5. In his fifth claim for relief, Plaintiff seeks $75,000.00 from "Defendants" for punitive damages due to Defendants' "willful and wanton conduct" and "reckless disregard for the life of another." Complaint, at 5-6.

III. Immunity of Federal Government, Federal Officials Acting in their Official Capacities, and Federal Agencies

"The concept of sovereign immunity means that the United States cannot be sued without its consent." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks, 960 F.2d 911, 913 (10th Cir. 1992)(citing United States v. Mitchell, 445 U.S. 535, 538 (1980)). Federal courts lack subject matter jurisdiction over claims against the United States where the United States has not waived its sovereign immunity. Iowa Tribe of Kan. and Neb. v. Salazar, 607 F.3d 1225, 1232 (10th Cir. 2010). Only Congress can waive the sovereign immunity of the United States, id., and Congress has not extended the Bivens remedy to federal agencies or the United States. See Malesko, 534 U.S. at 71-72; FDIC v. Meyer, 510 U.S. 471, 486 (1994); Smith v. United States, 561 F.3d 1090 (10th Cir. 2009)("Bivens claims cannot be asserted directly against either the United States or federal officials in their official capacities or against federal agencies"). Plaintiff has not identified any waiver. Moreover, a Bivens action only "lies against [a] federal official in his individual capacity." Simmat v. U.S.

Bureau of Prisons, 413 F.3d 1225, 1231 (10th Cir. 2005). Thus, Plaintiff's claims against the United States, the United States Department of Justice, BOP, FCI El Reno, and Warden Ledezma in his official capacity should therefore be dismissed pursuant to 28 U.S.C. §1915A(b) on the grounds of sovereign immunity.

IV. Deprivation of Rights - Count One

In count one, Plaintiff alleges that "Defendants" are collectively liable to him for a "deprivation of rights as a result of Defendants' conduct." Complaint, at 4. However, Plaintiff does not identify any set of facts in support of his amorphous claim. Nor does he allege any specific actions taken by Defendant Ledezma, the only federal official named in the Complaint, in this claim. Therefore, this claim should be dismissed pursuant to 28 U.S.C. § 1915A(b) on the grounds of sovereign immunity and for failure to state a claim upon which relief may be granted.

V. Negligence - Count Four

The factual and legal basis for Plaintiff's negligence claim is not clear. However, assuming that Plaintiff is asserting either a procedural due process or substantive due process claim against Defendant Ledezma in count four of the Complaint, the Constitution's "due process guarantees historically have applied only to *deliberate* decisions." Gray v. Univ. of Colo. Hosp. Authority, 672 F.3d 909, 929 (10th Cir. 2012)(quotation omitted). "Those guarantees are not implicated by a *negligent* act of an official causing unintended loss of injury to life, liberty, or property." Id. (quotation omitted). Plaintiff's allegation in count four that Defendant Ledezma's unspecified "actions were negligent" fails to state a plausible

Bivens claim, and this claim should be dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

VI. Supervisory Liability - Count Three

Plaintiff asserts in the Complaint in count three that he is entitled to damages from "Defendants" due to Defendant Ledezma's "fail[ure] to train, supervise and control various medical staff and officers resulting in injuries to Plaintiff." Complaint, at 5. Plaintiff appears to be asserting the "failure to train" theory to support his claim of deliberate indifference to his medical needs[3] and his excessive force[4] claim.

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1948 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. "The factors necessary to establish a Bivens violation will vary with the constitutional provision at issue." Id. But after the Supreme Court's decision in Iqbal it is clear that "mere knowledge" of a subordinate's misconduct is not enough. Id. at 1949. See Dodds v. Richardson, 614 F.3d 1185, 1198 (10th

---

[3] Deliberate indifference which supports an Eighth Amendment violation occurs when an official's conduct "disregards a known or obvious risk [to an inmate's health or safety] that is very likely to result in the violation of a prisoner's constitutional rights." Berry v. City of Muskogee, 900 F.2d 1489, 1496 (10th Cir. 1990).

[4] The "core judicial inquiry" in an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, __ U.S. __ 130 S.Ct. 1175, 1178 (2010)(quotation omitted).

Cir. 2010)("[W]hen a plaintiff sues an official under *Bivens* or § 1983 for conduct 'arising from his or her superintendent responsibilities,' the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.").

Plaintiff's allegations concerning Defendant Ledezma are that he "allowed medical staff and officers to knowingly cuff Plaintiff behind his back against standing medical orders" and that Plaintiff "did not make any movements or actions to justify the use of force." Complaint, at 3. Plaintiff has alleged only that Defendant Ledezma had knowledge that other prison officials or medical staff handcuffed Plaintiff behind his back. Plaintiff's allegation that Defendant Ledezma is liable to him solely because of his supervisory position at FCI El Reno or solely because he had knowledge of the actions of other medical staff or prison officials does not state a plausible claim for relief under Bivens.

Plaintiff has not alleged that Defendant Ledezma personally participated in placing handcuffs on Plaintiff behind his back, personally participated in the medical treatment provided or not provided to Plaintiff, or that Defendant Ledezma implemented a policy showing his authorization or approval of this action. See Dodds, 614 F.3d at 1201 (liability under § 1983 may be imposed upon individual defendants "who act with the requisite degree of culpability to promulgate, create, implement, or otherwise possess responsibility for the continued operation of policies that cause the deprivation of persons' federally protected rights."). Thus, Plaintiff has failed to state a plausible claim upon which relief may be granted, and this claim should be dismissed pursuant to 28 U.S.C. § 1915A(b).

VII. Retaliation

Plaintiff has alleged that Defendant Ledezma "in retaliation . . . allowed medical staff and officers to knowingly cuff Plaintiff behind his back against standing medical orders." To state a First Amendment retaliation claim, a specific test is applied which requires that the plaintiff prove "(1) that [he] was engaged in constitutionally protected activity; (2) that [each] of defendants' actions caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that [each] defendant's adverse action was substantially motivated as a response to [his] exercise of constitutionally protected conduct." Leverington v. City of Colo. Springs, 643 F.3d 719, 729 (10th Cir. 2011). Plaintiff has alleged only that he filed grievances. He provides no dates or other facts sufficient to state a plausible claim that Defendant Ledezma took "adverse action[s]" that were "substantially motivated as a response to [Plaintiff's] exercise of constitutionally protected conduct." Id. Thus, Plaintiff's allegations of "retaliation" in the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b).

VIII. Pendent State Law Claim

Plaintiff alleges in count two the Complaint that "Defendants' conduct" of employing excessive force violates a provision of the Oklahoma Constitution. Complaint, at 4. "[F]ederal jurisdiction is not mandatory over pendent claims or parties." Estate of Harshman v. Jackson Hole Mountain Resort Corp., 379 F.3d 1161, 1165 (10th Cir. 2004). Rather, as an exercise of judicial discretion, the court may decline to exercise supplemental jurisdiction in certain circumstances, including the situation in which "the district court has dismissed

all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). See City of Chicago v. Internat'l College of Surgeons, 522 U.S. 156, 173 (1997)(recognizing "discretionary nature" of decisions concerning supplemental jurisdiction). In this case, where the claims against the Defendants over which this Court has original jurisdiction should be dismissed, the supplemental state claims should be dismissed as well under 28 U.S.C. § 1367(c)(3).

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action be dismissed under 28 U.S.C. § 1915A(b) for failure to state a plausible claim for relief under Bivens and on the ground of sovereign immunity. It is further recommended that Plaintiff's supplemental state claims should be dismissed under 28 U.S.C. § 1367(c)(3). Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by May 29th, 2012, in accordance with 28 U.S.C. § 636. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this 8th day of May, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE